IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SHANNON D. WILLIAMS,

    Plaintiff,

v.                                       Civil Action No. 3:16CV626

UNITED STATES OF AMERICA,

    Defendant.

## MEMORANDUM OPINION

Following a bench trial, Shannon D. Williams was convicted of various drug offenses, three counts of murder while engaged in a drug conspiracy, and one count of use of a firearm during and in relation to a drug conspiracy, resulting in death, and was sentenced to life in prison. See United States v. Williams, 85 F. App'x 341, 345 (4th Cir. 2004). The United States Court of Appeals for the Fourth Circuit affirmed his convictions and sentence. Id. By Memorandum Opinion and Order entered on January 20, 2006, the Court denied Williams's 28 U.S.C. § 2255 motion. United States v. Williams, Nos. 3:02CR85-JRS, 3:05CV100-JRS, 2006 WL 167659, at *6 (E.D. Va. Jan. 20, 2006). Since that time, Williams has inundated the Court with various challenges to his conviction and sentence. See, e.g., United States v. Williams, No. 3:02-CR-85-1, 2015 WL 11109787, at *1-3 (E.D. Va. June 10, 2015) (dismissing a "Motion for Declaratory

Judgment" and a Rule 60(b) Motion as successive, unauthorized § 2255 motions); Williams v. Galindo, No. 3:11CV649, 2013 WL 4759248, at *3 (E.D. Va. Sept. 4, 2013) (dismissing "Motion for Writ of Mandamus" as legally frivolous); see also id. at *1 (outlining prior frivolous filings seeking his release from incarceration).

On July 26, 2016, the Court received a document titled, "Complaint for Declaratory Judgment Fed. R. Civ. P. 57" ("Complaint," ECF No. 1.) Williams indicates that "this action is not a 28 U.S.C. § 2255, nor a successive § 2255" and that he "does not seek to contest his conviction or sentence." (Id. at 1.) However, from the contents of the Complaint, the Court discerns that Williams challenges the interpretation of one of his statutes of conviction, 21 U.S.C. § 848(e), the statute that criminalizes murder while engaged in a drug conspiracy involving more than 50 grams of cocaine base. (Id. at 3-8.) Williams asks the Court to "declare that the third prong of 21 U.S.C. 848(e)(1)(A) is ambiguous" because he "continues to suffer from the effects of an ambiguous statute, which also raised other constitutional concerns." (Id. at 9.)

Williams's Complaint once again challenges the validity of his conviction. As explained below, the Complaint must be treated as a successive, unauthorized 28 U.S.C. § 2255 motion.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The Fourth Circuit has instructed that inmates may not avoid the bar on successive collateral attacks on their convictions and sentences by inventive labeling. See United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003). A motion pursuant to 28 U.S.C. § 2255 "'provides the primary means of collateral attack on a federal sentence.'" Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (quoting Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990)). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit . . . or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls."

3

Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) (citation omitted). "Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[(a)], is a motion under § 2255, no matter what title the prisoner plasters on the cover." Id. (citing Ramunno v. United States, 264 F.3d 723 (7th Cir. 2001)).

As outlined above, Williams's Complaint once again challenges one of the statutes of which he was convicted and falls squarely within the ambit of 28 U.S.C. § 2255(a). See Gonzalez v. Crosby, 545 U.S. 524, 530-32 (2005) (construing a motion as a successive "habeas corpus application" if it "seeks vindication" of "a claim" for relief from the criminal judgment, regardless of the title of the motion); United States v. Williams, 621 F. App'x 212, 212 (4th Cir. 2015) (affirming this Court's dismissal of Williams's prior "Motion for Declaratory Judgment" as a successive § 2255 motion). The Court has not received authorization from the Fourth Circuit to hear a successive § 2255 motion from Williams. Indeed, on August 2, 2016, the Fourth Circuit denied Williams's most recent request to file a successive § 2255 motion. United States v. Williams, No. 3:02CR85-JRS (E.D. Va. Aug. 2, 2016), ECF No. 268. Accordingly, the Complaint is construed as a successive § 2255 motion (ECF No. 1) and will be dismissed for want of jurisdiction.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Williams fails to satisfy this standard. Accordingly, a certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Williams.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: April 3, 2017