IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SHANNON D. WILLIAMS,

    Plaintiff,

v.                                                     Civil Action No. 3:16CV626

UNITED STATES OF AMERICA,

    Defendant.

## MEMORANDUM OPINION

Following a bench trial, Shannon D. Williams was convicted of various drug offenses, three counts of murder while engaged in a drug conspiracy, and one count of use of a firearm during and in relation to a drug conspiracy, resulting in death, and was sentenced to life in prison. See United States v. Williams, 85 F. App'x 341, 345 (4th Cir. 2004). The United States Court of Appeals for the Fourth Circuit affirmed his convictions and sentence. Id. By Memorandum Opinion and Order entered on January 20, 2006, the Court denied Williams's 28 U.S.C. § 2255 motion. United States v. Williams, Nos. 3:02CR85-JRS, 3:05CV100-JRS, 2006 WL 167659, at *6 (E.D. Va. Jan. 20, 2006). Since that time, Williams has inundated the Court with various challenges to his conviction and sentence. See, e.g., United States v. Williams, No. 3:02-CR-85-1, 2015 WL 11109787, at *1-3 (E.D. Va. June 10, 2015) (dismissing a "Motion for Declaratory

Judgment" and a Rule 60(b) Motion as successive, unauthorized § 2255 motions); <u>Williams v. Galindo</u>, No. 3:11CV649, 2013 WL 4759248, at *3 (E.D. Va. Sept. 4, 2013) (dismissing "Motion for Writ of Mandamus" as legally frivolous); <u>see also id.</u> at *1 (outlining prior frivolous filings seeking his release from incarceration).

On July 26, 2016, the Court received a document titled, "Complaint for Declaratory Judgment Fed. R. Civ. P. 57" ("Complaint," ECF No. 1.) By Memorandum Opinion and Order entered on April 3, 2017, the Court dismissed the Complaint as a successive, unauthorized 28 U.S.C. § 2255 motion because Williams once again challenged the validity of his conviction.

On April 27, 2017, the Court received from Williams a "Motion to Alter or Amend Judgment (Fed. R. Civ. Proc. 59(e))" ("Rule 59(e) Motion," ECF No. 15).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." <u>Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.</u>, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."

2

Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D. Md. 1991); Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

While Williams fails to identify on which ground he seeks relief, Williams seemingly argues that the Court should grant relief to correct a clear error of law. Williams argues that the Court erred when it granted him leave to proceed in forma pauperis, but then dismissed his Complaint, as an unauthorized, successive § 2255 motion. Williams contends that,

> 10) Had the court, after review, found that it did not have jurisdiction, it would have dismissed the instant matter under Rule 4 of the rules governing § 2255 proceedings.
> 11) However, Plaintiff was ordered to pay the initial partial filing fee.
> 12) The court by law was to review this proceeding pursuant to 28 U.S.C. § 1915(e)(2).

(Rule 59(e) Mot. 3.) Contrary to Williams suggestion, the Court appropriately screened this action pursuant to 28 U.S.C. § 1915(e)(2). Williams labeled his action as a "Complaint for Declaratory Judgment Fed. R. Civ. P. 57." (Compl. 1.) Based on the fact that he labeled the action as a Complaint, and due to his insistence "that this action [was] not a 28 U.S.C. § 2255, nor a successive § 2255" (Compl. 1), the Court filed it as a new civil action.

In order for an inmate to proceed in forma pauperis in such civil actions, he must first satisfy the payment requirements before the Court will review the content of a complaint. See 28 U.S.C. § 1915(a)(1)-(2), (b)(1)-(4). Only after an inmate has been granted leave to proceed in forma pauperis status, will the Court screen the action. After granting Williams leave to proceed in forma pauperis, the Court proceeded to the screening stage and found that the Complaint was, in fact, a mislabeled § 2255 motion. Thus, the Court dismissed the action for lack of jurisdiction. Williams's lack of candor with the Court in an attempt to circumvent the rules that prohibit the filing of successive § 2255 motions is the cause of the manner in which the Court handled the action. After insisting that the action was not a successive § 2255 motion, he cannot now argue that he really intended it to be such a motion. Due to Williams's lack of candor with the Court, he is now "required to pay the full amount of the filing fee." 28 U.S.C. § 1915(b)(1).

Williams fails to demonstrate any clear error of law that would warrant Rule 59(e) relief. Accordingly, Williams's Rule 59(e) Motion (ECF No. 15) will be denied.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of

4

a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Williams fails to satisfy this standard. Accordingly, a certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Williams.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: August 15, 2017